IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| James Hamilton Spencer, III, a/k/a Hank Spencer, | ) ) ) |
| Petitioner, | ) C.A. No. 1:18-3570-HMH-SVH ) ) **OPINION & ORDER** |
| vs. | ) ) |
| Matthew G. Whitaker, Acting Attorney General of the United States; Mark Inch, Director of the Federal Bureau of Prisons; Angela Dunbar, Regional Director of the Mid-Atlantic Region of the Federal Bureau of Prisons; and Donna Smith, Warden of FCI Butner Low, in their official capacities, | ) ) ) ) ) ) ) ) ) |
| Respondents. | ) |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Shiva V. Hodges, made in accordance with 28 U.S.C. § 636(b) and Local Rule 73.02 of the District of South Carolina.[1] James Hamilton Spencer, III, a/k/a Hank Spencer ("Spencer"), a federal prisoner, filed a petition seeking habeas corpus relief pursuant to 28 U.S.C. § 2241. In her Report and Recommendation, Magistrate Judge Hodges recommends

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

transferring Spencer's petition to the United States District Court for the Eastern District of North Carolina.

## I. FACTUAL AND PROCEDURAL HISTORY

Spencer is incarcerated at FCI–Butner Low in Butner, North Carolina. On August 22, 2017, Spencer was sentenced in the United States District Court for the District of South Carolina to 48 months' imprisonment after pleading guilty to possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) and 2252(b)(2). United States v. Spencer, No. 3:16-cr-0679-JFA.[2] Spencer alleges he should receive credit toward his sentence for the eleven months that he spent in "detention-like conditions" while on house arrest prior to sentencing. (Id. 2, ECF No. 1.) Spencer further submits that he has exhausted all available administrative remedies within the Federal Bureau of Prisons ("BOP"). (Id. 2, ECF No. 1.)

Spencer's § 2241 petition was docketed on December 26, 2018. (Pet., generally, ECF No. 1.) Spencer initially filed his petition pro se, but is now represented by counsel. (Notice of Appearance, ECF No. 9.) The magistrate judge issued the Report and Recommendation on December 28, 2018. (R&R, ECF No. 7.) The magistrate judge recommends transferring Spencer's petition to the Eastern District of North Carolina because this court lacks jurisdiction over Spencer's custodian. (R&R 3-4, ECF No. 7.) Spencer filed objections to the Report and Recommendation on January 9, 2019. (Objs., ECF No. 10.) This matter is now ripe for review.

---

[2] This court may take judicial notice of the prior case. Aloe Creme Labs., Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970); see also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice of ascertainable facts is in noticing the content of court records.'"); Mann v. Peoples First Nat'l Bank & Trust Co., 209 F.2d 570, 572 (4th Cir. 1954) (approving district court's taking judicial notice of prior suit with same parties).

2

## II. DISCUSSION OF THE LAW

Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). Spencer has two objections.

First, Spencer objects to the magistrate judge's conclusion that his petition should be transferred to the Eastern District of North Carolina and asserts (1) that the sentencing court instructed him to file the instant petition in the District of South Carolina and (2) that the "immediate custodian rule," which requires § 2241 petitions to be filed in the district of confinement, should not apply in this case. (Objs. 2-4, ECF No. 10.) Generally, § 2241 petitions must be filed in the district of confinement. In re Jones, 226 F.3d 328, 332 (4th Cir. 2000). Spencer cites to Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973), for the proposition that he can maintain the instant § 2241 petition outside of the district of confinement. (Objs. 3-4, ECF No. 10.) In Braden, the Supreme Court of the United States allowed a prisoner incarcerated in Alabama to maintain his § 2241 petition in the United States District Court for the Western District of Kentucky because the Western District of Kentucky had personal jurisdiction over the prisoner's custodian, who was served in the Western District of Kentucky. Braden, 410 U.S. at 495, 500. Thus, to entertain a § 2241 petition, the district court must have personal jurisdiction over the prisoner's custodian. Id.

3

Spencer is incarcerated in the Eastern District of North Carolina. No information has been provided to establish that the court has personal jurisdiction over Warden Donna Smith, the warden of FCI Butner Low. Because Spencer's petition pertains to the execution of his sentence, the Eastern District of North Carolina is the appropriate venue with jurisdiction. United States v. Miller, 871 F.2d 488, 490 (4th Cir. 1989) (per curiam) ("A claim for credit against a sentence attacks the computation and execution of the sentence rather than the sentence itself. Judicial review must be sought under 28 U.S.C. § 2241 in the district of confinement rather than the sentencing court."). Accordingly, despite any statements made to Spencer by the sentencing court, this court lacks jurisdiction to consider Spencer's § 2241 petition, and Spencer's first objection is without merit.

Second, Spencer requests that, rather than transferring his petition to the Eastern District of North Carolina, the court excuse the form of his petition and construe it as a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, which would render South Carolina the appropriate jurisdiction. (Objs. 4-5, ECF No. 10.) However, Spencer is challenging the execution of his sentence and alleges that it is being calculated incorrectly. (Pet. ¶¶ 1, 54, 58, ECF No. 1.) Thus, § 2241 is the appropriate statute under which to file his petition. Fontanez v. O'Brien, 807 F.3d 84, 86 (4th Cir. 2015) ("As a general matter, a federal prisoner must challenge the execution of a sentence under 28 U.S.C. § 2241[.]"). Accordingly, the court declines to construe Spencer's petition as a § 2255 motion to vacate, set aside, or correct his sentence.[3]

---

[3] Without addressing its validity, the court notes that Spencer appears to have waived his right to collaterally contest his sentence through a § 2255 motion in his plea agreement. United States v. Spencer, No. 3:16-cr-0679-JFA, (Am. Plea Agreement, ¶ 9).

4

After a thorough review of the Report and the record in this case, the court adopts Magistrate Judge Hodges' Report and Recommendation and incorporates it herein by reference.

It is therefore

**ORDERED** that Spencer's petition, docket number 1, is transferred to the United States District Court for the Eastern District of North Carolina.

**IT IS SO ORDERED**.

                                             s/Henry M. Herlong, Jr.
                                             Senior United States District Judge

Greenville, South Carolina
January 22, 2019